ZHR/COG USAO#2021R00308

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | UNDER SEAL |
| | * | |
| v. | * | CRIMINAL NO. RDB-22-00248 |
| | * | |
| TYSHAWNA DAVIS, | * | (Conspiracy to Commit Wire Fraud, |
| TIIA WOODS, | * | 18 U.S.C. § 1349; Wire Fraud, 18 |
| DONNA JONES, | * | U.S.C. § 1343; and Forfeiture, 18 |
| DEVANTE SMITH, and | * | U.S.C. § 981(a)(1)(C), 21 U.S.C. § |
| DUANE WATTS, | * | 853(p), 28 U.S.C. § 2461(c)) |
| | * | |
| Defendants. | * | |
| | * | |

******

## SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1.      Defendant **TYSHAWNA DAVIS ("DAVIS")** was a resident of Maryland.

2.      Defendant **TIIA WOODS ("WOODS")** was a resident of Maryland, Georgia, and/or Pennsylvania.

3.      Defendant **DONNA JONES ("JONES")** was a resident of Maryland.

4.      Defendant **DEVANTE SMITH ("SMITH")** was a resident of Maryland.

5.      Defendant **DUANE WATTS ("WATTS")** was a resident of Maryland.

### Background on Maryland Unemployment Insurance

6.      In Maryland, a former employee of a business who has lost his or her job can contact the Maryland Department of Labor ("MD DOL") and submit a claim for unemployment

insurance ("UI") benefits. Claims for UI benefits are commonly submitted online. If the former employee meets certain requirements, including having received sufficient wages prior to separation, they become eligible to receive UI benefits.

7. Prior to April 2021, if MD DOL approved a UI claim, Bank of America ("BOA"), pursuant to a contract with MD DOL, would create and mail a BOA Prepaid VISA debit card with the claimant's name on it, to the claimant based upon information received from MD DOL. MD DOL would subsequently authorize the electronic application of UI benefits to the debit card and continue to do so on a periodic basis if the claimant continued to file for benefits.

**The Effect of COVID-19 and Federal Legislation on State Unemployment Insurance**

8. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law on March 27, 2020. It expanded states' ability to provide UI for many workers impacted by the COVID-19 pandemic, including for workers who are not ordinarily eligible for unemployment benefits.

9. The CARES Act created the Pandemic Unemployment Assistance ("PUA") program. Under PUA, states are permitted to provide PUA to individuals who are self-employed, seeking part-time employment, or otherwise would not qualify for regular UI compensation.

10. To qualify for PUA benefits, an individual must not be eligible for regular UI benefits and be unemployed, partially unemployed, or unable or unavailable to work because of certain health or economic consequences of the COVID-19 pandemic.

11. The CARES ACT also established the Pandemic Emergency Unemployment Compensation ("PEUC") program.

12. PEUC covers most individuals who have exhausted all rights to regular UI compensation under state or federal law and who are able to work, available for work, and actively seeking work as defined by state law.

13. PEUC also gives states the flexibility in determining whether an individual is actively seeking work if the individual is unable to search for work because of COVID-19, including because of illness, quarantine, or movement restrictions.

14. The CARES ACT also established the Federal Pandemic Unemployment Compensation ("FPUC") program.

15. From April 4, 2020 through July 31, 2020, FPUC allowed states to give an additional $600 per week to individuals collecting regular UI compensation, PEUC, PUA, and other approved UI benefit programs by the state.

16. FPUC was reauthorized in December 2020, and beginning in January 2021, FPUC allowed states to provide an additional $300 per week to individuals collecting regular UI compensation, PEUC, PUA, and other approved UI benefit programs by the state. The additional, $300-per-week FPUC benefits expired on September 6, 2021.

### The Conspiracy and Scheme to Defraud

17. From June 2020 through May 2021, in the District of Maryland and elsewhere, the defendants,

> **TYSHAWNA DAVIS,**
> **TIIA WOODS,**
> **DONNA JONES,**
> **DEVANTE SMITH, and**
> **DUANE WATTS**

did knowingly and willfully conspire, confederate, and agree to commit wire fraud, that is to knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain

3

money from victims, by means of materially false and fraudulent pretenses, representations, and promises; to wit, impersonating victims for the purposes of submitting fraudulent UI claims (the "scheme to defraud"), and for the purpose of executing and attempting to execute such scheme to defraud, the defendants, **DAVIS, WOODS, JONES, SMITH,** and **WATTS** did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, signs, and sounds, for the purposed of executing the scheme to defraud, in violation of 18 U.S.C. § 1349.

## Manner and Means

18. It was part of the conspiracy and scheme to defraud that **DAVIS, WOODS, JONES, SMITH,** and **WATTS** obtained the names, dates of birth, and social security numbers ("personally identifiable information") of victims, without lawful authority and by false pretenses.

19. It was further part of the conspiracy and scheme to defraud that the defendants used the victims' personally identifiable information and the email address moneyworks363@yahoo.com to submit and certify fraudulent Maryland UI applications. For example, as a part of the conspiracy **WATTS** sent personally identifiable information to **DAVIS**, which was subsequently used to file fraudulent UI claims.

20. It was further part of the conspiracy and scheme to defraud that the defendants submitted UI applications containing fraudulent representations, including, for example, the victims' contact information, physical addresses, that the victims were available to work during the prescribed periods, and/or that the victims were unemployed. For example, as a part of this conspiracy and scheme to defraud, a Maryland UI application was submitted in the name of **DAVIS**'s deceased ex-husband.

21. It was further part of the conspiracy and scheme to defraud that the defendants caused BOA to mail debit cards for the fraudulent UI claims to the physical addresses provided by the defendants and caused UI benefits to be loaded thereon, such that any UI benefits paid by the State of Maryland would be received by the defendants, rather than the victims. In some instances, the defendants used their own physical addresses in UI applications to receive the victims' UI benefits.

22. It was further part of the conspiracy and scheme to defraud that the defendants called BOA, impersonating the victims, to gain access to or to inquire about the status of the fraudulently obtained UI benefits.

23. It was further part of the conspiracy and scheme to defraud that the defendants took the fraudulently obtained debit cards and made cash withdrawals and other transactions throughout the District of Maryland, including in and around Baltimore City.

24. It was further part of the conspiracy and scheme to defraud that the defendants used the cash for their own benefit and for the benefit of others who also were not entitled to the money, such as by purchasing luxury vehicles.

25. As a result of the conspiracy, defendants, and others unknown to the Grand Jury, caused at least 160 fraudulent UI claims to be submitted in Maryland, resulting more than 3 million dollars in loss.

18 U.S.C. § 1349.

## COUNTS TWO THROUGH SEVENTEEN
(Wire Fraud)

1. Paragraphs 1 through 25 of Count One of this Indictment are hereby incorporated by reference as though fully set forth herein.

2. Between June 2020 and May 2021, in the District of Maryland and elsewhere, defendants,

**TYSHAWNA DAVIS,**
**TIIA WOODS,**
**DONNA JONES,**
**DEVANTE SMITH, and**
**DUANE WATTS**

for the purpose of executing and attempting to execute such scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, signs and sounds, for the purpose of executing the scheme to defraud, as set forth below:

| COUNT | DEFENDANT | DATE | VICTIM | DESCRIPTION |
|---|---|---|---|---|
| 2 | Davis | 11/13/2020 | A.J. | withdrawal of money from an ATM |
| 3 | Davis | 11/16/2020 | A.J. | withdrawal of money from an ATM |
| 4 | Davis | 2/9/2021 | A.J. | withdrawal of money from an ATM |
| 5 | Woods | 1/20/2021 | J.K. | withdrawal of money from an ATM |
| 6 | Woods | 1/20/2021 | E.A. | withdrawal of money from an ATM |
| 7 | Woods | 1/20/2021 | X.E. | withdrawal of money from an ATM |
| 8 | Woods | 1/20/2021 | T.S. | withdrawal of money from an ATM |
| 9 | Jones | 10/20/2020 | M.C. | withdrawal of money from an ATM |
| 10 | Jones | 10/30/2020 | J.C. | withdrawal of money from an ATM |
| 11 | Jones | 1/12/2021 | M.C. | withdrawal of money from an ATM |
| 12 | Smith | 1/8/2021 | J.K. | withdrawal of money from an ATM |
| 13 | Smith | 1/26/2021 | E.A. | withdrawal of money from an ATM |
| 14 | Smith | 3/21/2021 | K.L. | withdrawal of money from an ATM |
| 15 | Watts | 9/29/2020 | E.M. | withdrawal of money from an ATM |
| 16 | Watts | 10/4/2020 | E.M. | withdrawal of money from an ATM |
| 17 | Watts | 10/13/2020 | E.M. | withdrawal of money from an ATM |

18 U.S.C. § 1343.

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' conviction on any of the offenses charged in Counts One through Seventeen of the Indictment.

### Wire Fraud Forfeiture

2. Upon conviction of any of the offenses set forth in Counts One through Seventeen, the defendants,

**TYSHAWNA DAVIS,
TIIA WOODS,
DONNA JONES,
DEVANTE SMITH, and
DUANE WATTS**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud, including, but not limited to, a money judgment for each defendant representing the proceeds he/she obtained from his/her participation in the scheme to defraud.

3. The property to be forfeited includes, but is not limited to, the following:

   a. 2021 Mercedes-Benz GLE with VIN: 4JGFB4KB3MA323884

   b. 2021 Mercedes-Benz A220 with VIN: W1K3G4FB3MJ287767

### Substitute Assets

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence

    b. has been transferred, sold to, or deposited, with a third party

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C).
21 U.S.C. § 853(p).
28 U.S.C. § 2461(c).

*Erek L. Barron / ZHR*
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson
Date: 8/17/2022

8